UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No. 18-cv-11972

GEOFFREY PESCE,

    Plaintiff,

v.

KEVIN F. COPPINGER, in his official
capacity as Essex County Sheriff,
AARON EASTMAN, in his official
capacity as Superintendent of the Essex
County House of Corrections - Middleton,

    Defendants

**DEFENDANTS KEVIN F. COPPINGER AND AARON EASTMAN'S
OPPOSITION TO MOTION OF MASSACHUSETTS MEDICAL SOCIETY'S
FOR LEAVE TO FILE *AMICI CURIAE* BRIEF IN
SUPPORT OF PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION**

    Defendants hereby oppose the motion of the Massachusetts Medical Society to file an *amicus* brief.

    Generally, *amicus* status is granted "only when there is an issue of general public interest, the *amicus* provides supplemental assistance to existing counsel, or the *amicus* insures a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Alliance,* 297 F. Supp. 2d at 307 (internal punctuation and citation omitted). Against amici participation is Judge Posner's admonition in *Voices for Choices v. Ill. Bell Tel. Co.,* 339 F.3d 542, 544 (7th Cir. 2003):

> The reasons for the policy [of denying or limiting amici status] are several: judges have heavy caseloads and therefore need to minimize extraneous reading; amicus briefs, often solicited by parties, may be used to make an end run around court-imposed

>limitations on the length of parties' briefs; the time and other resources required for the preparation and study of, and response to, amicus briefs drive up the cost of litigation; and the filing of an amicus brief is often an attempt to inject interest group politics into the federal appeals process.
>
>*Id.* (citing *Nat'l Org. for Women v. Scheidler,* 223 F.3d 615, 616 (7th Cir. 2000)).

The instant motion was not filed until Monday, November 19, 2018 *after* the parties' oral argument on Plaintiff's Motion for Injunctive Relief on November 5, 2018. After oral argument, the matter was taken under advisement by the Court.

The motion to file an *amicus* brief should be denied. Not only does the motion come after oral argument, but there is no supplemental information provided by the movant with respect to the issues presented before the Court at oral argument. The movant is simply adding repetitive information offered and argued by the Plaintiff before the Court on November 5, 2018.

WHEREFORE, the movant, Public Health Scholars' motion asking leave to file the *Amicus* brief should be denied.

                                                    Respectfully submitted,

                                                    DEFENDANTS,
                                                    By their attorney,

                                                    */s/ Stephen C. Pfaff*
                                                    Stephen C. Pfaff (BBO# 553057)
                                                    Louison, Costello, Condon & Pfaff, LLP
                                                    101 Summer Street, 4th Floor
                                                    Boston, MA 02110
                                                    (617) 439-0305
                                                    blouison@lccplaw.com

Date: November 20, 2018

## **CERTIFICATE OF SERVICE**

I certify that on this day I caused a true copy of the above document to be served upon the attorney of record for all parties via CM/ECF

Robert Frederickson III (BBO 670111)
Michael Pickett (BBO 698618)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02210
Tel.: 617.570.1000
Fax.: 617.523.1231
RFrederickson@goodwinlaw.com
MPickett@goodwinlaw.com

Joel K. Goloskie (BBO# 675806)
PANNONE LOPES DEVEREAUX &O'GARA LLC
One International Place, Suite 1400
Boston, MA 02110
Ph: 617.535.7724
Fax: 866.353.5020
jgoloskie@pldolaw.com

Date: November 20, 2018

_/s/Stephen C. Pfaff_
Stephen C. Pfaff